## 999.   SEABOARD AIR-LINE RAILWAY *v.* WITT.

1. Although a hazard of the employment, known to the servant, may have in some degree contributed to the injury received by him in performing the master's work, yet if the chief and controlling proximate cause of the injury is an independent act of negligence on the master's part, which the servant could not have avoided by the exercise of ordinary care, the master may be held responsible in damages.

2. Whenever a material change in the intrinsic condition or relative arrangement of the instrumentality by which the work is to be done is made by the master, and is of such a nature that it is likely to expose the servant, ignorant of the alteration, to the risk of injury, through a probability of his assuming a continuation of the previous condition and of his acting thereon to his hurt, the master should notify the servant of the change.

3. A partial dependency by a father (the mother being dead) upon the contributions made by an unmarried child to his support is sufficient to entitle the former to maintain an action for the death of the latter by the wrongful act of a third person.

Action for damages, from city court of Americus—Judge Crisp. December 20, 1907.

Submitted March 13,—Decided March 30, 1908.

*E. A. Hawkins,* for plaintiff in error.   *J. A. Hixon,* contra.

POWELL, J.  Witt recovered a verdict against the railway company for the homicide of his son, who, at the time of the casualty which produced his death, was employed by the company as a section hand.  The deceased, according to the theory of the plaintiff, encountered his injuries thus:  He was engaged in propelling a lever car, when a tool fell off.  The foreman directed him to apply the brake.  To apply the brake it was necessary to step upon an upright rod, flat-capped at the top, which, through a system of connected levers, threw the brake-shoes against the wheel.  Prior to the accident the washers or padding on these brake-shoes had become much worn, and much force was required to create such friction between the brakes and the wheel as to stop the car.  Shortly prior to the time of the casualty the foreman had caused the brakes to be repaired, and too much padding was put on the shoes; so that when the deceased, in obedience to the foreman's direction to apply the brakes, stepped on the cap at the top of the rod, the brakes came on with such sudden force and excessive friction that the wheels were locked, and a severe jolt of the car was occasioned.  This threw the deceased against the moving lever by which the car

was propelled, and this in turn knocked him off, and the car ran over him. The plaintiff also alleged negligence in that the track at the place of the injury was rough and otherwise in bad condition. There was conflict in the evidence at almost every material point, but the theory of the plaintiff was fully supported.

1. The deceased was not in a position to complain of the condition of the track, for he knew it as well as the defendant; indeed, he himself was engaged in the work of repairing it. If this had been the sole and proximate cause of his death, no recovery against the defendant would have been authorized; but it is plain, even from the defendant's proof, that the track, though somewhat defective, was not so unsafe that cars could not usually and ordinarily pass over it in safety. The additional and supervening hazard of the negligently repaired brake-shoes could fairly be accounted the proximate cause of the injury; and therefore knowledge by the deceased of the condition of the track, although that concurred somewhat in producing the fatal mishap, is not of itself sufficient to defeat a recovery. *Southern Cotton Oil Co.* v. *Gladman,* 1 *Ga. App.* 260 (3), (58 S. E. 249), and cases cited.

2. Wherever a material change in the intrinsic condition or relative arrangement of the instrumentalities by which the work is being done is made by the master, and is of such a nature as that it is likely to expose a servant, ignorant of the change, to a risk of injury, from his likelihood of assuming a continuation of the previous condition and acting on it, the master is under the duty of giving him notice of it, unless the servant, by ordinary care, should himself have discovered the alteration. In this case the questions of the master's negligence in changing the condition of the brake-shoe without notice to the deceased, and of the latter's opportunity of discovering the change, were fairly submitted to the jury; and there was evidence to authorize the finding that the master was negligent and the servant excusably ignorant. *Southern Cotton Oil Co.* v. *Gladman,* 1 *Ga. App.* 259, 262 (58 S. E. 249); Labatt on Master & Servant, §240.

3. That a father, the mother being dead, may recover for the death of a child by wrongful act, it must appear that the father was dependent upon the child for support, and that the child made material contributions to that end. *Georgia R. Co.* v. *Spinks,* 111 *Ga.* 571 (36 S. E. 855). The dependency need not, however, be

total; partial dependency is sufficient. *Central Ry. Co.* v. *Henson,* 121 *Ga.* 462 (49 S. E. 278). In the case at bar the plaintiff testified that his health was bad, and that on account of ill health he had put his son to work on the railroad. To quote directly, "I have not been able to earn a support independent since then. . . I have been trying to farm the best I could. . . I consume more than my labor." The son's material contribution to the support of his father and the other dependent members of his family was proved unequivocally. The evidence, taken as a whole, makes a good case of dependency within the purview of the law. See *Central R. Co.* v. *Henson,* supra, and cases cited.

Upon a full review of the whole record, we find no reversible error. The charge of the court was a full, fair, and comprehensive presentation of the principles of law involved; indeed, it is one of the concisest and clearest charges we have ever had occasion to review in a case of this character. The evidence, though conflicting, apparently preponderated in the plaintiff's favor; and the recovery, though not small, was not excessive, under the evidence.

*Judgment affirmed.*