LANCASTER AND WIGHT, RECEIVERS, v. MRS. CLARA ALLEN, ADMIN-
ISTRATRIX.

No. 3274. Decided January 14, 1920.

(217 S. W., 1032.)

**1.—Injuries in Inter-state Commerce—Negligence—Safety Appliance Act.**

Where the right to recover for the death of a railway employee while engaged in inter-state commerce was based on alleged negligence in using a locomotive with wheels of which the flanges had become so worn as to cause them to mount the rail, resulting in the wreck and injury, the test of the right to recover was, not whether the defendant had exercised what the jury might consider ordinary care to maintain such appliance in safe condition, but whether it was in such condition as complied with the regulations of the Inter-state Commerce Commission created under authority of the Federal Statute. (Pp. 215-217).

**2.—Same.**

If the locomotive used in inter-state commerce was maintained in a condition complying with the conditions and meeting the tests prescribed by the Inter-state Commerce Commission, the Railway could not be pronounced negligent with respect to such condition by the finding of a jury based on their judgment as to the care which ought to be exercised. But if it did not meet the tests so prescribed, the failure, if causing injury, constituted negligence *per se*, such tests being substituted by the Federal Statute for the common-law requirement of ordinary care. (Pp. 216, 218).

**3.—Same—Statute—Cases Followed.**

In determining the construction and effect of the Federal Safety Appliance Act (Act of Congress, February 7, 1911, 36 Statutes at Large, ch. 103, p. 913, 3 U. S. Statutes, Annotated, p. 522, U. S. Comp. Stats., sect. 8630-8639, as amended by the Act of March 4, 1915, 38 Stats at Large, ch. 169, p. 1192, 3 U. S. Stats. Annotated p. 529, U. S. Comp. Stats., secs. 8639a-8639d) the State courts will follow the rulings thereon of the Supreme Court of the United States (St. Louis & I. M. Ry. Co. v. Taylor, 210 U. S., 294; Chicago, B. & Q. Ry. Co. v. United States, 220 U. S., 573; Great Northern Ry. Co. v. Otos. 239 U. S., 351; Bridge Co. v. United States, 249 U. S., 539; San Antonio & A. P. Ry. Co. v. Wagner, 241 U. S. 484). (Pp. 216, 217).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Harrison County.

Action by Mrs. Allen, as administratrix of T. O. Allen, to recover for his death while engaged in interstate commerce in the service of defendants, J. L. Lancaster and Pearl Wight, Receivers of the Texas & Pac. Ry. Plaintiff had judgment which was affirmed on appeal by defendants (207 S. W., 984), and thereupon they obtained writ of error.

*F. H. Prendergast,* for plaintiffs in error.—When the railroad uses a wheel on a locomotive which complies with the requirements of the Acts of Congress, and the rules of the Interstate Commerce Commission, then the road cannot be held negligent in using such a wheel. Erie Ry. v. Winfield, 244 U. S., 170; New York Ry. v. Tousellits, 244 U. S., 360; Houston v. Moore, 5 Wheat., 1; Prigg v. Pennsylvania, 16 Pet., 618; Southern Ry. Co. v. Railroad Com., 236 U. S., 446; Texas & P. Ry. Co. v. Rigsby, 241 U. S., 41; Spokane Ry. v. Campbell, 241 U. S., 509; St Louis, I. M. & S. Ry. Co. v. Taylor, 210 U. S., 294; Erie R. R. Co. v. People, 233 U. S., 671.

*S. P. Jones,* for defendant in error.—There was no error in refusing to give the charge requested for the reason that unless the rules of the Interstate Commerce Commission relied upon by the plaintiffs in error repealed, modified or changed the Employer's Libiality Law the court correctly instructed the jury, and if the rules of the Interstate Commerce Commission had the effect of being contrary to the provisions of the Employer's Liability Law, or of changing the same, then such rules are invalid and of no force and effect and should have been ignored. The Employer's Liability Law says in substance: "If the flange was so defective as to cause the wreck, and its condition was due to negligence. a recovery shall be had;" upon this we obtained a verdict. The plaintiff in error says in substance, that the Interstate Commerce Commission has said that notwithstanding the flange was defective due to negligence, thereby causing injury, there is no liability if it complied with the rules of the Interstate Commerce Commission. We answer that if the rules of the Interstate Commerce Commission interfere with the provisions of the Employer's Liability Law, the rules and not the act of Congress must give way.

It will be observed from an examination of the provisions of these Acts of the National Congress, that they simply substitute an absolute liability for what was theretofore the common law qualified liability of common carriers, in the use of defective locomotives, boilers, tenders, and appurtenances. St L. I. M. & S. Ry. v. Taylor, 210 U. S., 281.

Mr. Justice GREENWOOD delivered the opinion of the court.

This suit was brought by defendant in error as the personal representative of T. O. Allen, deceased, against plaintiffs in error as receivers of the Texas and Pacific Railway Company, to recover damages for the death of T. O. Allen from injuries suffered by him while employed by said receivers in interstate commerce.

Defendant in error alleged, and offered evidence to establish, that T. O. Allen's death resulted from defects, due to the receivers' negligence, in a switch point on the receivers' track, and in a flange on a locomotive wheel, which caused the derailment of the locomotive, on which T. O. Allen was discharging his duties to the receivers as fireman.

The defect in the flange of the locomotive wheel, on which defendant in error relied in her pleading and proof, was that it had become so worn as to cause the locomotive wheel and truck to climb the rail and derail the locomotive.

Plaintiffs in error duly answered and introduced evidence to show that the switch point was not defective and to show that the flange of the locomotive wheel was not worn to the extent required in order to be defective under the Safety Act of Congress and the rules prescribed thereunder by the Interstate Commerce Commission.

The charge of the trial court authorized a verdict for defendant in error on the findings, first, that the flange on the locomotive wheel had become worn, so as to render unsafe the running of the locomotive, or that the switch point had become defective, so as to cause the running of the locomotive to be unsafe, second, that either the defective flange (if defective), or the defective switch point (if defective), caused the engine to be wrecked and T. O. Allen's death, and third, that the flange or switch point had been permitted to become defective by reason of the negligence of the receivers.

A verdict was returned for defendant in error, and the judgment thereon was affirmed by the Court of Civil Appeals, 207 S. W., 984.

The trial court refused a special charge, requested by plaintiffs in error, as follows:

"It appears in this case that Allen at the time he was killed was engaged in interstate commerce, and the rights of the plaintiffs are therefore governed by the Act of Congress.

It appears in the evidence that the Interstate Commerce Commission, acting by virtue of the power granted them by the Act of Congress, had made certain rules governing what condition of flanges of a locomotive wheel makes it safe and what condition makes it unsafe.

If you believe in this case that the flanges on the wheel were in accordance with said rules enacted by the Interstate Commerce

Commission, then you cannot find that the railroad was negligent in that regard."

By proper assignment, complaint is made by plaintiffs in error of the decision of the Court of Civil Appeals that this special charge was correctly refused.

The charge, which was refused, made compliance by the receivers with the requirements of the Act of Congress of March 4, 1915, the test of negligence with respect to the flange of the locomotive wheel. The charge, which was given, made the test of negligence, with respect to the flange, the exercise of ordinary care to keep the flange safe for the operation of the locomotive.

In our opinion, the proper test was stated in the refused charge.

By the Act of Congress approved February 17, 1911, 36 Statutes at Large, chapter 103, p. 913, 3 U. S. Statutes Annotated, p. 522, it was made unlawful for any common carrier in the United States after July 1, 1911, to use any locomotive engine propelled by steam power in moving interstate or foreign traffic unless the boiler and its appurtenances were in proper condition and safe to operate, without unnecessary peril to life or limb, and such boilers were required to be able to withstand such tests as might be prescribed in rules and regulations to be approved or prepared by the Interstate Commerce Commission, which rules and regulations were to be obligatory. The Act further provided for careful inspection of boilers and their appurtenances to secure the observance of the Act by all common carriers.

By the Act of Congress, approved March 4, 1915, 38 Statutes at Large, chapter 169, p. 1192, 3 U. S. Statutes Annotated, p. 529, the Act of February 17, 1911, was amended so as to apply to and include the entire locomotive and tender and all parts and appurtenances thereof.

The Interstate Commerce Commission approved rules and regulations, prescribing with particularity the extent of wear on the flange of a locomotive wheel which renders it defective and which requires its discontinuance from service.

We have no doubt that the amended Act of Congress must determine the liability of the receivers for the death of Allen in so far as such liability is claimed to have arisen from a defect in the flange of the locomotive wheel. The amended Act made it obligatory on the receivers to conform to the rules and regulations of the Interstate Commerce Commission governing worn flanges on locomotive wheels. The obligation of the receivers was not to exercise ordinary care to have reasonably safe flanges on the locomotive wheels, but the receivers were under the absolute duty to at all times have and keep the flanges on locomotives, propelled by steam in moving interstate or foreign traffic, in the condition, as respects wear, which Congress had prescribed.

This question is ruled by the opinion in St. Louis & Iron Mountain Ry. Co., v. Taylor, 210 U. S., 294, 52 L. Ed., 1061, 28 Sup. 66, 616. In discussing the Safety Appliance Act, with respect to drawbars and the regulations for drawbars prescribed by the Interstate Commerce Commission, it is said in that opinion: "The Congress, not satisfied with the common-law duty and its resulting liability, has prescribed and defined the duty by statute. We have nothing to do but to ascertain and declare the meaning of a few simple words in which the duty is described. It is enacted that "no cars, either loaded or unloaded, shall be used in interstate traffic which do not comply with the standard. There is no escape from the meaning of these words. Explanation cannot clarify them, and ought not to be employed to confuse them or lessen their significance. The obvious purpose of the Legislature was to supplant the qualified duty of the common law with an absolute duty deemed by it more just. If the railroad does, in point of fact, use cars which do not comply with the standard, it violates the plain prohibitions of the law, and there arises from that violation the liability to make compensation to one who is injured by it."

What was said in Taylor's case is reaffirmed in Chicago, B. & Q. Ry. Co. v. United States, 220 U. S., 573, 55 L. Ed., 582, 31 Sup. Ct., 612; Great Northern Ry. Co. v. Otos, 239 U. S., 351, 60 L. Ed., 322, 36 Sup. Ct., 124; and Bridge Co. v. United States, 249 U. S., 539, 63 L. Ed., 757, 39 Sup. Ct., 355.

It is contended for defendant in error that, regardless of whether the Act of March 4, 1915, regulated the worn flange, the Federal Employer's Liability Act made the receivers liable for the death of T. O. Allen from injuries suffered by him while employed by the receivers in interstate commerce, if such injuries resulted from a defect in the flange of a wheel of a locomotive of the receivers, due to their negligence, or from a defect in a switch point in the railroad track, due to their negligence, and that hence the charge which was given, instead of the charge refused, followed the Liability Act, and rightly declared the law.

It is true that in the absence of a violation of some other statute, the common carrier's liability, under the Federal Employer's Liability Act, for injury or death, by reason of defect in equipment, does depend on whether the defect was due to the carrier's negligence. The finding of negligence on the part of the common carrier, in such cases, is indispensable to liability. But where a statute requires the common carrier to furnish certain equipment, or to furnish equipment in a certain condition, and the carrier violates the statute, and thereby causes death or injury to an employee, the violation of the statute fixes liability for the consequent damages. Hence, with respect to the flange of the wheel in this case, the sole question was as to whether it was in a condition

prohibited by the rules of the Interstate Commerce Commission and therefore by the Act of Congress; and inquiry was utterly futile as to whether the receivers had exercised, or had failed to exercise, any degree of care to render the flange safe.

It cannot be said that the receivers were not prejudiced by the refusal of the requested charge, in the light of evidence which would support a finding of compliance with the rules and regulations of the Interstate Commerce Commission. For, the jury may have believed that ordinary care to render the flange reasonably safe required more than these rules and regulations.

We think that the Supreme Court of the United States refuted the contention that there could be any test of negligence save that of compliance with the law in cases involving violations of any of the provisions of the Federal Safety Appliance Acts, when the Court, per Justice Pitney, said: "As was stated in Tex. & Pac. Ry. v. Rigsby, *ante*, pp. 33, 39, 'A disregard of the command of the statute (Safety Appliance Act) is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied.' If this Act is violated, the question of negligence in the general sense of want of care is immaterial. 241 U. S., 43, and cases there cited. But the two statutes are *in pari materia,* and where the Employer's Liability Act refers to 'any defect or insufficiency, due to its negligence, in its cars, engines, appliances', etc., it clearly is the legislative intent to treat a violation of the Safety Appliance Act as 'negligence'—what is sometimes called negligence *per se.*" San Antonio & A. P. Ry. Co. v. Wagner 241 U. S., 484, 60 L. Ed., 1110, 36 Sup. Ct., 630. The holding is repeated in Spokane & Inland R. R. Co. v. Campbell, 241 U. S., 510, 60 L. Ed., 1125, 36 Sup. Ct., 683.

The judgments of the District Court and of the Court of Civil Appeals are reversed and the cause is remanded to the District Court for a new trial.

*Reversed and remanded.*