## LARSEN v. HALLIBURTON OIL WELL CEMENTING CO.

### No. 10374.

Court of Civil Appeals of Texas. Galveston.

April 13, 1937.

Rehearing Denied April 29, 1937.

Jones & Jones, of Marshall, and Geo. C. Gaines, Jr., of Houston, for appellant.

King, Wood & Morrow and H. Earl Cox, all of Houston, for appellee.

GRAVES, Justice.

For the purposes of the opinion, this statement from the appellant's brief—slightly revised in only immaterial details—is thought to be correct and sufficient:

"This is a suit by Donald Larsen, through his guardian, for damages growing out of personal injuries received by him through the alleged negligence of defendant's representative in operating an automobile into his bicycle from the rear while he was riding it on the right-hand side of the Kilgore-Gladewater State Highway in Texas at night. Plaintiff's amended petition, on which the case was tried, set forth many grounds of negligence, several of which were submitted to the jury in special issues, including failure to keep a lookout, to which the jury answered that the driver of the automobile negligently failed to keep a proper lookout, which was a proximate cause of the injuries to plaintiff. His damages were assessed at $5,176.50. The defendant alleged contributory negligence only in general terms.

"The court also asked the jury in special issues 12 and 13 if plaintiff was negligent in operating his bicycle on the highway at night without a light or lights, and, if so, whether it was a proximate cause of the collision. Plaintiff objected and excepted to these issues being submitted. After retiring, the jury asked the court whether the word 'lights,' as used in these issues, included 'reflectors,' and the court answered: 'Lights do not include reflectors.'

"The jury answered these issues to the effect that plaintiff was negligent in operating his bicycle on the highway at night without having a light or lights on it, and that such negligence was a proximate cause of his injuries.

"All the other material issues were answered, respectively, in favor of the party against whom they were aimed, whereupon the plaintiff urged a motion to enter judgment in his favor for the $5,176.50 so found by the jury. This motion was denied, judgment instead being entered in favor of the defendant upon the finding of contributory negligence upon the plaintiff's part."

In this court—the plaintiff having become the appellant and the defendant the

appellee—in brief substance the parties contend:

The appellant, that the trial court's judgment should be reversed and the cause rendered in his favor, or at least remanded for another trial below, because R.S. art. 6701, § 2, subsec. (c), required that the issue of whether or not any contributory negligence upon his part had been a proximate cause of the injury should have been made to depend upon whether his bicycle had been equipped either with the lights, or the reflectors, called for in that statute rather than with both, as issues 12 and 13 given by the court implied.

The appellee, that the issues as given by the court correctly submitted the one fact question raised in that behalf by the pleadings and evidence—that is, whether or not the appellant was negligent at common law in having so operated his bicycle without lights and whether such negligence had been a proximate cause of his injury, wherefore, an affirmance in its favor should be ordered.

This court sustains appellant's position in principle, and reverses and remands the cause, upon the conclusion that the cited statute did not authorize the predication of contributory negligence on whether or not he had carried lights alone; the statute reads as follows:

"(c) Every bicycle shall, during the night-time, have attached to it in front a lighted lamp which shall be visible from the front of such bicycle, or a reflex mirror, and attached to it in the rear a reflex mirror or a lighted lamp exhibiting a red or yellow light which shall be visible from the rear of such bicycle."

■ This act, sections 27 and 28 of which (article 6701, §§ 27, 28) provided penalties for its violation and express repeal of all conflicting laws, inclusive of older Penal Code (1925) art. 798, so changed our pre-existing law (whether common or statutory) regulating the lighting of bicycles being operated "upon any public highway in this State during the night-time" (article 6701, § 2) as to now require simply this, that they shall have attached to them—both in front and in the rear—either a lighted lamp or a reflex mirror, which lighted lamp (in case of its use) shall be visible from the end (front or rear) to which it is attached, provided that, if it be attached in the rear, it shall further exhibit a red or yellow light; in other words either such a lamp or mirror is required not only in front but also in the rear, but both are not required at either end.

■ The state having thus entered the field of lighting regulations for bicycles in operation on its public highways at night, there indisputably being no special circumstances existent that tended toward its avoidance, the statutory duty thereby imposed became the sole measure of the appellant's obligation as to that particular precaution. Sherman & Redfield on Negligence (6th Ed.) Vol. 2, § 467; Lancaster & Wight v. Allen, 110 Tex. 213, 217 S.W. 1032; New York Central R. Co. v. James Winfield, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045, L.R.A.1918C, 439, Ann.Cas. 1917D, 1139, and the case of Erie Railway Co. v. Winfield, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057, Ann.Cas.1918B, 662.

With the undisputed evidence showing that this bicycle was not equipped with a lighted lamp—either front or rear—but was equipped with a reflex mirror in the rear, the court—assuming the existence of the first of these facts, but apparently ignoring that of the other—submitted the two inquiries referred to, supra, in this form, both having been answered "Yes":

"Special Issue No. 12.

"Do you find from a preponderance of the evidence that Donald Larsen was negligent, as that term has been defined to you, in operating his bicycle on the Kilgore-Gladewater Highway in the nighttime without a light or lights?

"Special Issue No. 13.

"Do you find from a preponderance of the evidence that the operation of such bicycle without lights was a proximate cause of the collision between the Ford car and Donald Larsen and his bicycle?"

This predicated contributory negligence solely upon the stated failure to have lights anywhere on the bicycle, when found to have been a proximate cause of the injury, which obviously was not the standard laid down in the quoted statute, hence the judgment based thereon cannot stand.

■ This court cannot determine the kind of judgment that should have been rendered below, as upon a proper submission—pursuant to the cited statute—of the question of contributory negligence, wherefore the remand before mentioned is ordered.

Reversed and remanded.