## HICKMAN v. SULLIVAN.
### No. 3456.

Court of Civil Appeals of Texas. Beaumont.

May 10, 1939.

Rehearing Denied May 24, 1939.

Ben G. Sewell and Sewell, Taylor, Morris & Garwood, all of Houston, and John S. Redditt, of Lufkin, for appellant.

Collins, Pate, Hatchell & Garrison, of Lufkin, for appellee.

WALKER, Chief Justice.

This suit was by appellee, H. P. Sullivan, for damages for personal injuries received by him on the 19th day of December, 1936, in a collision between an automobile owned and operated by appellee and a truck owned by appellant and driven by his agent, M. L. Jackson. The jury convicted appellant of the following acts of negligence, each a proximate cause of the collision: (a) Driving the truck into appellee's automobile; (b) driving the truck in excess of 25 miles per hour; (c) operating the truck at a negligent rate of speed; and (d) failure to keep a proper lookout. It was also found that appellant's agent "was not blinded by the lights of a motor vehicle meeting him on the highway immediately prior to the collision," and that appellant's "truck was not meeting a motor vehicle on the highway immediately prior to the collision." On the issue of contributory negligence by appellee, the jury found: (a) He did not park or leave his automobile standing upon the paved or improved or main traveled "portion of the highway"; (b) his automobile "was displaying a lighted red or yellow light, visible under normal atmospheric conditions from a distance of at least 500 feet to the rear of the vehicle"; (c)

he did not fail to keep a proper lookout for motor vehicles approaching from his rear. It was found that the collision was not the result of "an unavoidable accident." On these findings judgment was entered in appellee's favor for $6,500, the amount found in his favor by the jury. From the judgment appellant has duly prosecuted his appeal to this court.

The following question was submitted to the jury as issue No. 1, answered in the affirmative: "Do you find from a preponderance of the evidence that the driver of defendant's truck was negligent in driving the same into and against plaintiff's automobile?". We pretermit a discussion of appellant's five propositions against this question; the judgment has support in other issues of negligence found by the jury in appellee's favor.

■ The questions submitting to the jury the issue of appellant's negligence were prefaced, "Do you find from a preponderance of the evidence", etc., followed by the instructions, "Answer 'Yes' or 'No.'" This charge was not error. Federal Underwriters Exchange v. Rigsby, Tex.Civ.App., 114 S.W.2d 354, is not in point. In that case the court instructed the jury to answer each question "Yes" or "No," "as you find the facts to be."

■ On the issue of appellee's contributory negligence, appellant duly requested the submission of the following questions:

(a) "Special issue No. 1–A. Do you find from a preponderance of the evidence that on the occasion in question the plaintiff, H. P. Sullivan, failed to have his automobile equipped with a lighted taillight?

"Answer 'We do' or 'We do not.'"

(b) "Special issue No. 4–A. Do you find from a preponderance of the evidence that the plaintiff, H. P. Sullivan, failed to have his automobile equipped with adequate lights in the rear?

"Answer 'We do' or 'We do not.'"

The refusal to submit these questions was not error, for the reason that they were in substance submitted by question No. 18, answered by the jury in the negative: "Do you find from a preponderance of the evidence that on the occasion in question the plaintiff's automobile was not displaying a lighted red or yellow light, visible under normal atmospheric conditions from a distance of at least 500 feet to the rear of such vehicle?"

■ The following statement and argument, taken from appellee's brief, answers appellant's contention that the jury's answer to question No. 18 was without support in the evidence: "Appellant contends in his Brief that the plaintiff, Sullivan, admitted that the lights were not visible for a distance of five hundred (500) feet. This is not correct. He made no such admission. He did testify, as stated by the appellant, that the light was visible for three hundred (300) feet, or probably four hundred (400) feet; but he did not testify nor admit that it was not visible for a greater distance. If this had been all he said there might be some merit in appellant's contention. He described the kind of light he had. He testified it was the ordinary tail light used on automobiles, being approximately two and one-half by three (2½ X 3") inches in size, and 'Could be seen quite a distance —several hundred feet.' This, of course, was his estimate. After describing the light, the size, the color, and where it was located, the jury had as much right to estimate the distance of visibility as any one. They had a right to find, and were justified in finding, that a red tail light, two and one-half by 3 (2½ X 3") inches in size can be seen at night, under normal atmospheric conditions, for at least five hundred (500') feet. As a matter of common knowledge, we know this is true. So did the jury. It takes a skilled expert to measure the distance of light rays, to accurately determine how far they penetrate into the darkness, or to give the exact distance a red light, two and one-half by three (2½ X 3") inches in size can be seen at night under normal atmospheric conditions. It is a matter of conjecture, and a matter of opinion, based on experiences involving lights from a distance. Witnesses can testify from such experience and common knowledge. The jury also can draw this conclusion from all the testimony. The description of the light being before the jury, they had the right, under all the circumstances, to determine the distance it was visible, under normal atmospheric conditions. This was their province. They found that the light could be seen for at least a distance of five hundred (500) feet. There being sufficient evidence to raise the issue it was properly submitted."

■ The court did not err in refusing to submit to the jury, at appellant's request, an issue "inquiring as to whether the plaintiff, H. P. Sullivan, failed to yield the right-of-way to the driver of defendant's truck

after having become aware of the defendant's motor truck approaching from the rear, such issue being an ultimate and controlling defensive issue raised by the pleadings and the evidence, and such issue having been duly and timely requested in proper form, or at least in such form as to suggest to the court its failure to submit to the jury such an issue." Appellant drove its truck up behind appellee's automobile, both on the right-hand side of the pavement; he was under no legal duty to yield the right-of-way to appellant.

Affirmed.