## VALLEY FILM SERVICE v. CRUZ.
### No. 11319.

Court of Civil Appeals of Texas.
San Antonio.
July 14, 1943.

Rehearing Denied Sept. 1, 1943.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, and Kelley & Looney and L. Hamilton Lowe, all of Edinburg, for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the District Court of Cameron County wherein appellee (plaintiff) was awarded damages against the appellant (defendant) for personal injuries sustained in a collision between a truck driven by defendant's employee and a wagon driven by plaintiff. The cause was tried to a jury and submitted on special issues, on the answers to which plaintiff was awarded damages in the sum of $8,815.

Below Pablino Cruz was plaintiff and Valley Film Service, an unincorporated business, and being the assumed name under which Tom Caraway does business, was defendant. One John W. Sample was the driver of defendant's truck. The collision occurred upon the highway leading from La Feria to Harlingen, about two miles west of Harlingen, just before the break of day on the morning of June 19, 1942. The wagon, drawn by a horse and a mule, was traveling in the direction of Harlingen, which was in an easterly direction, and the truck was traveling in the same direction when it overtook and collided with the wagon.

Appellant first contends that the issue of unavoidable accident should have been submitted to the jury. We sustain this contention.

The evidence shows that Pablino Cruz was driving his wagon in the right-hand lane of a three-lane highway, that he had adequate reflectors on the rear of his

wagon and, according to his testimony, was entirely free from negligence. According to the testimony of Sample, the driver of the truck, he was proceeding down the highway at a lawful rate of speed, he saw another motor vehicle approaching him with headlights burning, and while he testified that these lights had no effect on him and that it was impossible for him to estimate how far away the vehicle was from him, he nevertheless dimmed his lights and pulled around someone on an electric scooter. Shortly after passing the scooter he crashed into the wagon, without seeing it until he was right on it, and after it was too late to avoid the collision. Lt. John B. Dubose, Jr., was the rider of the scooter, and in most respects corroborated the testimony of Sample. The Lieutenant further testified that he often traveled this highway, both in his car and on the scooter, at about this time of the morning. He had noticed that just before dawn it was very difficult to see. When there was light in the sky and the ground was still dark it was very difficult to see along the highway. Under all of this evidence a theory was presented under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law. The trial court committed reversible error in not submitting appellant's requested issue on unavoidable accident. Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777; Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Com.App., 7 S.W.2d 521; Southern Transp. Co. v. Adams, Tex.Civ.App., 141 S.W.2d 738, writ dismissed C. J.; Orange & N. W. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973.

■ We are of the opinion the trial court correctly submitted the issue as to whether or not appellee's wagon was properly equipped with adequate reflectors. Art. 827a, § 9, Vernon's Annotated Penal Code of Texas.

■ We are also of the opinion that the trial court properly refused to submit the issue as to whether appellee was negligent in not having his wagon lighted in such manner as a person of ordinary care and prudence would have had it lighted under the same or similar circumstances. Section 9 of Article 827a of the Penal Code provides in part as follows: "All vehicles not heretofore by law required to be equipped with specified lighted lamps shall carry one or more lighted lamps or lanterns displaying a white light visible under normal atmospheric conditions from a distance of not less than five hundred (500) feet to the front of such vehicle and displaying a red or yellow light visible under like conditions from a distance of not less than five hundred (500) feet to the rear of such vehicle, which light shall be kept lighted while the vehicle is upon a highway from one-half hour after sunset to one-half hour before sunrise. Provided, however, that vehicles drawn by animal power may in lieu of such lamps or lanterns be equipped with adequate reflectors."

■ The State having thus entered the field of lighting regulations of vehicles drawn by animal power in operation on its public highways at night, there indisputably being no special circumstances existing that tended toward its avoidance, and having provided by statute that such vehicles may have adequate reflectors in lieu of lamps and lanterns, the statutory duty thereby imposed becomes the sole measure of appellee's obligation as to that particular precaution. Larsen v. Halliburton Oil Well Cementing Co., Tex.Civ.App., 105 S.W. 2d 368; Hickman v. Sullivan, Tex.Civ. App., 128 S.W.2d 457.

■ The trial court likewise did not err in refusing to submit to the jury the issues of whether or not the plaintiff failed to keep a proper lookout for motor vehicles approaching him from the rear. Appellee had a legal right to drive his wagon in the right-hand lane of the highway, as the undisputed evidence shows he was doing, and to assume that cars approaching from his rear would obey the law and use proper care to avoid injuring him. It is only in the event that he wishes to stop or change his course that he is required to signal to those approaching from the rear and to see to it that such stopping or changing of course may be done in safety. Art. 801(K) P.C; Ward v. Cathey, Tex.Civ.App., 210 S. W. 289, writ refused; Hickman v. Sullivan, Tex.Civ.App., 128 S.W.2d 457, writ dismissed C. J.; Le Sage v. Smith, Tex.Civ. App., 145 S.W.2d 308, writ dismissed C. J.

We do not deem it necessary to discuss other questions raised.

For the error pointed out the judgment is reversed and the cause remanded.