**J. K. DIXON, Appellant,**

v.

**R. A. BURLING et ux., Appellees.**

**No. 12828.**

Court of Civil Appeals of Texas.

Galveston.

April 7, 1955.

Rehearing Denied April 28, 1955.

George Red and Pat N. Fahey, Houston, for appellant.

Carroll & McGee, H. E. McGee, Houston, for appellee.

HAMBLEN, Chief Justice.

This suit arose as a result of an automobile collision which occurred at the intersection of 20th Street and Lawrence Street in the City of Houston. Appellant, who was plaintiff in the trial court, was travelling West on 20th Street, and appellee was travelling South on Lawrence. The impact occurred in the intersection which was not controlled by traffic signs or signals. Trial was to a jury which in response to special issues submitted, found the appellee negligent in failing to apply the brakes on her automobile, which was a proximate cause of the collision, and found the appellant negligent in failing to keep a proper lookout, which proximately caused the colli-

sion. Appellant's damages were assessed at $820.84. Upon such verdict, the trial court entered judgment that appellant take nothing.

This appeal is predicated upon nine stated points of error which, in varying phraseology, present three bases upon which it is contended that the judgment should be reversed and rendered in appellant's favor. These contentions are: 1. that there is no evidence in the record to support the jury finding that appellant failed to keep a proper lookout proximately causing the collision; 2. that there is no sufficient pleading to support the submission of such issue; and 3. that the trial court erred in permitting appellee to file a trial amendment alleging contributory negligence on the part of appellant after both litigants had rested.

After carefully reviewing the record presented, this Court is of the opinion that appellant is correct in the first of his stated contentions, and that his points of error so directed, must be sustained. This conclusion requires a reversal of the judgment entered and a rendition of judgment in favor of the appellant.

The evidence bearing upon the issue of lookout kept by appellant may be summarized as follows: Appellant J. K. Dixon testified that the collision occurred on a bright clear day at about 5:30 p. m. Appellant was travelling West on his right hand side of 20th Street at about 20 to 25 miles per hour. Approaching the intersection involved, he looked to his right and to his left, and saw no moving vehicle. He then proceeded across the intersection, and when he was "practically out of" the intersection, the right rear portion of his vehicle was struck by appellee's vehicle. The impact turned his automobile out of the direction in which it had been travelling, from which point it proceeded across the street a distance of 65 or more feet, and turned over in a drainage ditch.

Mrs. R. A. Burling, who was driving the other vehicle, testified that she was travelling South on Lawrence Street and stopped her vehicle at the intersection of that street with 20th Street. She then proceeded forward to cross 20th Street, and collided with appellant's vehicle. She testified that the collision occurred where appellant said it did, thus corroborating his testimony that he was "practically out of" the intersection. She never did see appellant's automobile before the moment of impact. She described the damage to her automobile to be confined to the front bumper, and grill which was broken and pushed to the right.

Photographs of appellant's automobile introduced without objection clearly show the point of impact to have been at its right rear fender, to the rear of the right rear wheel. The photographs also reflect damage to the top of the vehicle resulting from its having turned over as testified to.

When viewed in the light most favorable to the verdict, we are unable to discern any evidence in the record which supports the finding that appellant failed to keep a proper lookout, or that such failure proximately caused the collision. It is well settled that in situations such as this wherein the doctrine of res ipsa loquitur does not apply, negligence must be proven, and cannot be presumed from the mere fact that a collision occurred. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195. The appellant testified that upon approaching the intersection, he looked to his right and to his left and saw no moving vehicle. The jury was of course entitled to disregard this testimony of an interested witness, but lacking some proof, a jury, while not bound to accept the testimony of an interested witness, is not entitled to make an opposite finding. While under some circumstances, the manner in which an intersectional collision occurs might support an inference that the failure of the driver of a vehicle involved to keep a proper lookout proximately caused such collision, that circumstance does not exist where as here the testimony of appellant bearing upon the issue is in all material respects corroborated, and there is no evidence to the contrary. Appellant's testimony that upon reaching the intersection he looked to the right and to the left and saw no moving vehicle is

corroborated by the testimony of appellee to the effect that she stopped her vehicle at the intersection. The prudence of his action in proceeding across the intersection under such circumstances is clearly evidenced by the undisputed fact that he was "practically out" of the intersection when the impact occurred, and by the further undisputed fact that the front portion of appellee's vehicle struck the right aftermost portion of appellant's vehicle. There is no evidence to support the finding that appellant failed to keep a proper lookout. The patent lack of foreseeability negatives the finding of proximate cause.

■ We consider these conclusions to be determinative of this appeal. There being no evidence raising the issue of contributory negligence in failing to keep a proper lookout, the court erred in permitting appellee to file the complained of trial amendment. The form and sufficiency of the pleading is consequently immaterial. Except in reference to the issue of contributory negligence which has been discussed, no attack is made upon the verdict of the jury, and except in that particular, it appears clearly supported by the evidence. It is our view that the findings of the jury upon the improperly submitted issue of contributory negligence must be disregarded. Dallas Ry. & Terminal Co. v. Jarvis, Tex., 270 S.W.2d 205. Upon the verdict judgment must be rendered in favor of appellant. It is so ordered.

Reversed and rendered.