**Graham HOLMES, Appellant,**

v.

**C. D. COOLEY et al., Appellees.**

No. 10522.

Court of Civil Appeals of Texas.

Austin.

Dec. 4, 1957.

After Filing of Remittitur Dec. 11, 1957.

Rehearing Denied Jan. 8, 1958.

Park Street, Walter Powell Gray, Hugh J. Fitz-Gerald, San Antonio, Vickers & Vickers, Lubbock, for appellant.

Huff & Splawn, Forrest Bowers, Lubbock, for appellees.

GRAY, Justice.

Appellee sued appellant for damages suffered to his person and to his property in an automobile collision. Appellant answered and filed a cross action for damages against appellee and his alleged employer, W. E. Medlock, alleging that at the time of the collision appellee was acting in the course of his employment.

Appellee and appellant each alleged that the collision and resulting damage was proximately caused by the negligence of the other. W. E. Medlock answered and adopted the allegations of appellee in his petition.

The facts show that appellee was driving south on College Avenue in the City of Lubbock near the intersection of College Avenue and Auburn Street preparatory to making a left turn on to Auburn Street when his automobile was struck from behind by one driven by appellant. Appellee's automobile was struck on its left front door, and appellee said he was stopped at the intersection.

College Avenue runs north and south and has two lanes for southbound traffic and two for northbound traffic. These lanes are separated by a painted yellow line, or center stripe. At or near its intersection with Auburn Street there is a painted "island." Auburn Street runs east and west, it is a two way street and its intersection with College Avenue from the west is south of its intersection from the east.

The suit was originally filed in the 72nd district court and two mistrials were had. At the second trial an instructed verdict in favor of W. E. Medlock was returned but no judgment on the verdict was entered in that court. Afterwards the cause was transferred to the 140th district court where judgment on the instructed verdict was rendered and entered and a jury trial was had on appellee's suit and appellant's cross action. The jury found that appellant was guilty of various acts of negligence proximately causing the collision. The jury found that in crossing College Avenue appellee did not fail to grant the right of way to overtaking southbound traffic; that before moving his automobile into or across the lane for southbound traffic next to the center line on College Avenue appellee first ascertained that he could do so safely; that before attempting to make the left turn into Auburn Street appellee was driving south in the lane next to the center stripe on College Avenue, and that immediately prior to the collision appellee did not fail to keep a proper lookout for approaching automobiles. $9,000 was awarded appellee for personal injuries and by stipulation $488 was the agreed property damage. A judgment for appellee for $9,488 was rendered.

Appellant's first five points complain that the jury was guilty of gross misconduct in discussing: insurance; attorney's fees; the wealth of appellant; their outside experiences, and awards of damages in other lawsuits, and sixth, that all of the above acts of misconduct considered together constitute reversible error.

At the hearing on appellant's motion for new trial ten jurors testified. We do not

think it is necessary to set out the testimony of the jurors relative to the discussions had in the jury room, but we will say that it appears that the discussions were had and that they were heard by at least some of the jurors. The vital questions presented are: Were the discussions had before or after the jury had reached a verdict and it had been signed by the foreman? Were any answers changed after the discussions were had? On the question of the time the discussions took place the testimony is in conflict. Some of the jurors were positive in their statements that the verdict had been reached, that it had been signed by the foreman, that he then pushed it back on the table before him, and that the discussions were had between the time the verdict was signed and the time that it was carried into the courtroom. They also said that no answer was changed after the discussions. Appellant urges the circumstance and the testimony of two jurors: (1) that the foreman signed the verdict "just before they came back into the courtroom" and (2) that the only time available for discussions after the verdict was signed and the time that the foreman knocked on the courtroom door was a "couple of minutes."

■ As noted there was a conflict in the testimony of the jurors as to when the discussions took place. This conflict presented a question to be resolved by the trial court. If we concede that the trial court could have found that the discussions occurred before or after the verdict as he may have concluded from the evidence, then by overruling the motion for new trial he impliedly found that the discussions took place after the verdict was reached and that the verdict was not thereafter changed. Since such findings have support in the evidence they are binding here. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. St. Paul-Mercury Indemnity Co. v. Bearfield, Tex.Civ.App., 296 S.W.2d 956. Er. ref., N.R.E. If the alleged misconduct occurred after the verdict was reached, after it was signed by the foreman and no

answer was changed after the discussions were had, it cannot be said that the misconduct was material to the verdict even though it occurred between the time the verdict was reached and signed and the time it was accepted by the trial court. Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143.

The circumstance raised by the testimony of the two jurors mentioned supra merely presented a question for the trial court along with the other evidence.

Appellant's point seven is:

"The Court erred in dismissing Cross-Defendant Medlock, based upon an instructed verdict in previous trial which resulted in a mistrial."

■ We recognize that a judgment followed the instructed verdict as a matter of law. Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705. We are also cognizant that the appeal bond before us is payable to appellee, C. D. Cooley, and it in no way undertakes to protect the rights of W. E. Medlock. However there is no motion to dismiss the appeal on this ground and we have jurisdiction by reason of the defective appeal bond to determine point seven. Grogan Mfg. Co. v. Lane, 140 Tex. 507, 169 S.W.2d 141. We will decide the point on the basis of the facts and jury findings before us.

Appellant argues that the order of the 140th district court discharging Medlock has "no foundation either in fact or in the record."

■ There is no point before us attacking the jury findings on the ground that they are not supported by the evidence. By these findings appellant's negligence was the proximate cause of the collision in question and appellee was acquitted of negligence. As long as these findings stand they preclude a recovery against Medlock whether appellee was or was not his employee and whether he was or was not acting in the course of his employment at the time of

the collision. Appellant having failed to establish that appellee was negligent he was not in any event entitled to a judgment against Medlock, the alleged employer of appellee, it not being alleged that Medlock was present at the collision or responsible for it in any capacity other than as the employer of appellee. In this state of the record the complained of error was harmless. Rule 434, Texas Rules of Civil Procedure, 3-B Tex.Jur., Sec. 1037, p. 643.

Appellant complains by his points eight and nine that the trial court erred in refusing to submit his requested issues 1-A and 2-A together with accompanying issues of negligence and proximate cause. Issues 1-A and 2-A are:

"1.-A. Do you find from a preponderance of the evidence that the plaintiff Cooley failed to proceed to the center of the intersection of College Avenue and Auburn before attempting to turn left into Auburn?"

"2-A. Do you find from a preponderance of the evidence that immediately before the collision, Cooley was driving easterly at a distance of about sixteen feet north of the intersection of College Avenue and Auburn while on the west side of College Avenue?"

■ By the above referred to issues the manner of appellee's approach to the intersection was submitted and by the jury's findings he approached the intersection in a legal and proper manner. Appellee had the legal right

"to assume that cars approaching from his rear would obey the law and use proper care to avoid injuring him. It is only in the event that he wishes to stop or change his course that he is required to signal to those approaching from the rear and to see to it that such stopping or changing of course may be done in safety. Art. 801(K) P. C.; Ward v. Cathey, Tex.Civ.App., 210 S.W. 289, writ refused; Hickman v. Sullivan, Tex.Civ.App., 128 S.W.2d

457, writ dismissed C.J.; Le Sage v. Smith, Tex.Civ.App., 145 S.W.2d 308, writ dismissed C.J." Valley Film Service v. Cruz, Tex.Civ.App., 173 S. W.2d 952, 953, er. ref. w. m.; Sec. 61 of Art. 6701d, Vernon's Ann.Civ.St.; Caraway v. Behrendt, Tex.Civ.App., 224 S.W.2d 512.

No point is made on the question of signals, and the manner of changing course was submitted.

■ The trial court was not required to submit issues not raised by both the pleadings and the evidence. Chesshir v. Nall, Tex.Civ.App., 218 S.W.2d 248, 254. Er. ref., N.R.E. Appellant alleged that appellee was negligent:

"(L) In attempting to turn his vehicle without first having his vehicle in proper position for such turn."

In his brief appellant says:

"Under any testimony one would care to take, be it the testimony of Appellee Cooley himself, or be it the testimony of the unbiased police offcers, the fact remains that the island marked in yellow was even with the north curbline of Auburn Street and Auburn Street was 36 feet wide, so, in order for Appellee Cooley to have made a left turn to comply with the state laws and City Ordinances, he would have had to be at least 18 feet beyond the island. Cooley himself said he was only 5 or 6 feet past the island while in his turn. The fartherest anyone said Cooley was beyond the island was Cooley himself and his own witness Smith puts him 7 feet over the centerline; so only one conclusion can be drawn, and that is that Cooley was hardly complying with the law in his left turn, if that was what he was doing.

"The officers place the point of impact some 16 feet north of the end of the island, which places Cooley 34 feet

from where he should have been to make a left turn."

Appellant and appellee were traveling south on College Avenue and though appellee had not entered the intersection he intended to make a left turn. The point of impact was shown by a sketch and by appellant's witness to be:

"The impact point was determined as being 16 feet back from the north curb of Auburn, the east extension of College Avenue and 38 feet from the west curb of College Avenue."

■ The collision occurred before appellee had entered the intersection and of course he had not proceeded to the center of the intersection. Then issue 1-A was not raised by the evidence since there could be no dispute about the question presented by the issue.

■ An issue inquiring in which traffic lane of College Avenue appellee was driving was submitted. This being true requested issue 2-A was no more than an evidentiary issue and its submission was not required. Rule 279, Texas Rules of Civil Procedure.

■ Appellant's tenth and final point is:

"The Court erred in including in its instructions to the jury in connection with the damage issue, Number Twenty-eight, elements that were not properly before the jury for its determination, and in failing to specifically exclude from its deliberations items not proper for its consideration."

Appellant complains that in the instruction to the jury given in connection with the damage issue the trial court allowed the jury to consider mental pain suffered by appellee, and did not exclude the consideration of medical and hospital bills or other expenses incurred by him.

Appellee testified that he only went through the sixth grade in school; that he was left-handed; that his left arm, his shoulder and neck were injured and that he suffered headaches. He said that because of his injuries he was compelled to give up his job which paid him from $400 to $500 per month; that for a while he was out of work but at the time of the trial he was employed at a salary of $250 per month. He testified that his injuries still bothered him; that his neck interfered with his sleep and that it was getting worse but his headaches were some better; that his arm was better but he could not lift with it. Appellee was corroborated as to his injuries by his doctor who said appellee's trouble in the future would depend on the kind of work he engaged in.

At the time of his injury appellee was fifty years of age, he was then engaged in running a business of building houses. He testified he was not qualified to do "office work" and that the most of the jobs he was able to get he could not do because of his injuries and that the only way he had of earning a living for himself, his wife and three children was by doing manual labor.

A very liberal interpretation of the above point is required if it is considered. See City of Deer Park v. State, 154 Tex. 174, 275 S.W.2d 77. However we will examine the record and the briefs in connection with the point since there is no objection to its sufficiency.

The complained of instruction authorized the jury to take into consideration physical and mental pain suffered by appellee in estimating the damages but medical and hospital bills and other expenses are not mentioned.

Appellant objected to the instruction because it included mental pain and because it failed to exclude medical and hospital bills and other expenses.

Appellee's doctor testified that he recommended hospitalization for appellee but he declined to go to a hospital. There is no

evidence of any hospital expense. Appellee testified that at times he had to have others do some of his work but the amount of payments, if any, for such services is not shown. The doctor testified the bill for his services amounted to $73.50. There is no testimony that such bill was reasonable or necessary.

Under the evidence supra mental pain and suffering was a proper item of damages. 13 Tex.Jur., Sec. 285, p. 478.

It was necessary for appellee to prove that the medical charges were reasonable before a recovery therefor can be sustained. 13 Tex.Jur., Sec. 276, p. 463. In the absence of evidence as noted supra we are not willing to say that the jury allowed any sum for hospital and other expenses, however the instruction which told the jury to consider named items in estimating appellee's damages was not sufficient as an instruction not to consider improper items. Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266.

It is our opinion that the judgment is excessive in the amount of $73.50, and we suggest that appellee file a remittitur for that amount within ten days from this date. If such remittitur is so filed then the judgment of the trial court will be reformed and as reformed affirmed, otherwise it will be reversed and remanded. Rule 440, Texas Rules of Civil Procedure.

Remittitur suggested.

After Filing of Remittitur.

At a former day we rendered our opinion in this cause wherein we suggested that appellee file a remittitur in the amount of $73.50 on the conditions provided in Rule 440, Texas Rules of Civil Procedure. Appellee has filed a remittitur for the suggested amount, accordingly the judgment of the trial court is reformed so as to adjudge that appellee recover of appellant $9,414.50 and as reformed the judgment is affirmed.