James J. MANNING and Catherine Manning, Appellants,

v.

E. H. BLOCK et al., Appellees.

No. 6169.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 26, 1959.

Rehearing Denied March 25, 1959.

James D. McNicholas, Keith, Mehaffy, McNicholas & Weber, Ernest Sample, Beaumont, for appellants.

John D. Rienstra, King, Sharfstein & Rienstra, R. W. Fisher, Jack Brookshire, Cleve Bachman, Orgain, Bell & Tucker, Beaumont, for appellees.

McNEIL, Justice.

This is an appeal by James J. Manning and wife, Catherine Manning, appellants, from an adverse judgment of the district court of Jefferson County. The action is one for damages growing out of a series of collisions between five automobiles and is a consolidation of three separate suits. As consolidated by the trial court, the case was one by E. H. Block (an appellee) as plaintiff against the other parties as defendants, the plaintiff asserting his claim for damages against the defendants James J. Manning, George N. Clark and W. H. Belshe. The appellants James J. Manning and wife filed a cross-action for damages because of injuries sustained by Mrs. Manning against the plaintiff E. H. Block and codefendants George N. Clark and W. H. Belshe. The defendant Belshe filed a cross-action against the plaintiff Block and the defendants Manning, Witt and Pittman for damages caused to his automobile which was operated by defendant George Clark. Defendant George Clark (an appellee) filed no cross-action except that he prayed for indemnity or contribution over as did all of the other parties in connection with this accident. There were other pleadings of the parties not necessary to detail here.

The following statement is taken from the brief of appellee E. H. Block:

"On the night of April 1, 1954, a series of collisions occurred on the Beaumont-Port Arthur Highway within the City Limits of the City of Beaumont. Appellant Manning had brought his automobile to a stop on said highway behind an automobile which had likewise stopped to make a lefthand turn off of said highway. While in such stopped position, Manning claims that his automobile was struck from the rear by the automobile being driven by appellee Block. Appellee Block's automobile was then struck from the rear by an automobile being driven by Charles Witt, who in turn was struck from the rear by an automobile being driven by George Clark, who was then struck from the rear by an automobile being driven by Bruce Pittman.

"As a result of these occurrences, Appellee Block, on June 17, 1954, filed the first suit, naming as defendants Appellant Manning, George N. Clark and W. H. Belshe, the owner of the automobile which Clark was driving.

"Thereafter, on July 26, 1954, Appellant Manning filed a separate suit, naming as defendants Appellee Block, George N. Clark and W. H. Belshe.

"Still subsequently W. H. Belshe filed a separate suit, naming as defendants Appellee Block, Appellant Manning, Charles Witt and Bruce Pittman.

"These three causes, all filed in the District Court of Jefferson County, Texas, were consolidated for trial.

"A trial before a jury resulted in a verdict convicting Manning of negligence, convicting Block of negligence and exonerating Clark from any negligence. Judgment was entered by the trial court in substance that Block recover nothing from the defendants Clark, Manning and Belshe; that Belshe recover nothing from the defendants Manning, Block, Pittman and

Witt." And that Manning and wife recover nothing of the parties they complained of.

Among the issues submitted by the trial court, and of which complaint is made by appellants Manning, was Special Issue No. 1 which reads as follows:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that the failure of Manning to continue to keep the brake light burning on his automobile after bringing his automobile to a stop on the highway in question was negligence?"

The jury answered this issue "yes" and by Special Issue No. 2(a) found such negligence was a proximate cause of the damages sustained by the Mannings and was a proximate cause of the damages sustained by appellee Block. After return of the verdict, appellants filed a motion to disregard and set aside Issues 1, 2(a) and 2(b) and the jury's answers thereto as being contrary to the undisputed evidence, there being no evidence to support the affirmative findings on such issues. The court overruled this motion and rendered judgment against each and all of the parties seeking affirmative relief.

Appellants urge 17 points of error. However, we think those points which urge error of the trial court in failing to sustain their motion to disregard Issues 1, 2(a) and 2(b) and answers thereto control the disposition of the case.

The portion of the highway running between Beaumont and Port Arthur, just inside the city limits of Beaumont, is a four-lane highway and runs in a northerly and southerly direction. The east two lanes carry northbound traffic and the west two lanes carry southbound traffic. A drive-in theatre is situated east of the highway and just outside of the city limits. After a show at the theatre, about 11 p. m., on the

night involved, many of the persons leaving the theatre drove their automobiles into the northbound lanes of the highway, two of the persons being defendant Manning, whose wife and children were with him, and defendant Clark and companions. These cars, along with the other cars involved in the accident, occupied the inside northbound lane. Plaintiff Block and a companion were not at the show but were driving northwardly in the inside lane and preceded all of the cars involved except the Manning car. At the time there was heavy traffic in the outside northbound lane and considerable traffic on the inside lane and considerable traffic in the west lanes going south. As Manning's car approached the intersection of Veatch Avenue with the highway, which intersection was some 1,000 feet north of the drive-in theatre, the car next ahead stopped for a left turn into that street. Because the traffic in the outside northbound lane was heavy Manning could not pass so he brought his car to a stop behind the car desiring to turn left. He testified that his headlights and taillights on his car, a 1949 Buick Convertible, were burning and that as he came to a stop on the occasion involved he put his foot on the brake which caused his brake lights to burn. He and his wife testified that they were stopped for about a minute when the car ahead began to move out and then the successive collisions took place. Appellee Block testified that he was traveling along with the other traffic at between 40 and 45 miles per hour on the inside northbound lane, and that he did not see the Manning car until he was within about 100 feet of it, at which time he thought the car was moving but he slowed his car down. In another second, he stated, he realized the car was stopped and he was able, by skidding the tires on his car, to bring it to a stop about a foot from the Manning car. He testified that there were no taillights burning on the Manning car; that he was partly blinded by on-coming car lights, but that if the Manning car had had taillights burning he

would have seen them. He testified, also, that the Manning car was a dull color and did not show up quickly.

The brief of each party is excellent and the result is that the issue is narrowed and the question close. Courts rightly hesitate to set aside jury findings, because its findings in this type of case represent the composite "ordinarily prudent" man.

■ A person operating an automobile on the public roads must do so in a careful and prudent manner and with due regard for the rights of others on the road. This applies alike to cars preceding and cars following. He must keep a proper lookout for the movements of the car ahead. In Renshaw v. Countess, Tex.Civ.App., 289 S.W.2d 621, 624, it is said: "A question of fact as to the existence of negligence is usually presented when one motor vehicle overtakes and strikes one in front of it, going in the same direction. The collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear."

■ For years taillights have been required on cars to warn those behind of the car in front. They are red lights and convey the information of danger and the observer under ordinary circumstances is bound to heed their warning. At night these lights are the usual warning device to the rear in travel, and are accepted as sufficient for the purpose. But under extraordinary circumstances this may not be enough warning. Complying with the traffic code as we now have it does not necessarily comply with a car operator's common-law duty to exercise ordinary care. Airline Motor Coaches v. Guidry, Tex.Civ. App., 241 S.W.2d 203, 208. There may be conditions that require a greater quantum of care. But we do not have such a condition before us now. We have, it is true, a busily traveled four-lane street or roadway. But the weather was good, cool and dry. It was ideal nighttime weather to drive. The street was straight and level

and the cars using it going from 40 to 45 miles per hour. The jury found that Manning did not fail to give warning while he was in the act of stopping his car. It also found that his taillights were burning properly. They found only that he failed to keep his foot on the brake so as to keep the brake lights showing. They found this negligence and a proximate cause of the collision. We have stated that the Manning car had stopped behind the one intending to turn left at the Veatch Avenue intersection for about a minute when the initial impact took place. At about that moment the car ahead of Manning's moved out across the west lane into Veatch Avenue as the traffic coming south had cleared away. In respect to what he was doing just before this, Manning testified: "A. After I saw the traffic going South, was about clear, I took my foot off my brake, put it on the clutch, was preparing to get my car in gear, preparing to go forward as the traffic was about to get cleared, so the man was going to make his left turn, to move ahead of me. Q. At that time, the man ahead of you had not moved any? A. No, sir, he had not. Q. So for a period of several seconds before you heard anything was about to happen, you did not have your foot on the brake pedal? A. No, sir."

Manning testified that he kept his foot on the brake (thus causing his brake lights to shine) until he was preparing to move forward when the car ahead moved out of the way. In the meantime he took his foot off the brake and moved his clutch preparatory to going forward. He said this involved several seconds, but just how many he did not estimate. It would ordinarily take only a few for such movement to be made in operating a car. While he was doing this the Block car was propelled into the rear of his car.

■ Even though traffic at the time on the section of the street or roadway involved was heavy, yet the fact that it was about a minute before the Block car struck

the Manning car indicates that there was a considerable lull or break in the traffic behind the Manning car. Block testified that he was partly blinded by the lights of on-coming cars in the west lanes, but he said if the Manning car had had taillights burning he would have seen them. The jury convicted him of negligence in failing to have his car under proper control and in failing to keep a proper lookout ahead and found the taillights burning on the Manning car. We cannot give much weight to the statement that he was partly blinded by the lights of the on-coming cars for the reason that he stated that if the Manning car's taillights had been burning he would have seen them. See Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616, where similar testimony was evaluated.

Now, since Block did not see the taillights burning, would he have seen brake lights burning? Four lights may attract one's attention when two would not—but this will also depend upon several factors such as brightness, color, and relative position of the lights, as to which no satisfactory evidence exists.

■ In the absence of evidence it will be presumed that a motorist charged with negligence had his automobile equipped with lights which met the statutory requirements. 9B Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 6070, p. 616. Therefore, if we should assume that the red taillights on the Manning car would show a distance to the rear of 500 feet as required by Vernon's Ann.Civ.St. Art. 6701d, Sec. 111(a), and that the brake lights. (either red or yellow) would show a distance of 100 feet to the rear as required by Sec. 124(b) ·of. said article, then certainly the keeping of Manning's foot on his brake pedal would not have aided the driver of the approaching car. If we do not assume the establishment of the lights as required by the traffic code, then there is a complete absence in the evidence as to their relative brightness and effect, and the finding of the jury is necessarily based on speculation and conjecture.

■ Split-second timing is not ordinarily required of operators of motor vehicles. Bass v. Stockton, Tex.Civ.App., 236 S.W.2d 229, 231. This would place an intolerable burden upon the average citizen. None but the most alert could safely venture on the highways. We have concluded that we cannot uphold the finding of the jury, under the circumstances obtaining, that Manning was negligent in having momentarily released his brake pedal preparatory to moving his car forward as the other car began its movement to enter Veatch Avenue. To do so would require a person to have the same ability to see, observe and react as readily to the circumstances of the road behind him as he is required to do ahead. This is physically impossible to do, and the law has rightly placed the burden on the car operator approaching from the rear, in event of a collision, to explain his action. Renshaw v. Countess, supra.

■ The jury found that the sum of $12,500 would reasonably and fairly compensate appellants for the injuries sustained by Mrs. Manning in said collision. We therefore hold that this cause as between the Mannings and appellee Block should be reversed and remanded with instructions to the trial court to enter judgment upon the verdict of the jury in behalf of the Mannings and against appellee Block for said sum of money. But since the jury found that the appellee Clark was not negligent in any particular, and since no attack is made on the judgment in favor of the other appellees, the cause as to them is severed and the judgment in their behalf is affirmed under authority of Cantu v. Casas, Tex.Civ.App., 265 S.W.2d 175. However, as prayed for in appellee Block's brief, he shall be permitted to file his motion for new trial for the limited purposes of complaining of matters called to this court's attention in his

**657**

brief. DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95, by the Supreme Court.

The judgment of the trial court is affirmed in part and in part reversed and remanded.