Carlos PLATA, Appellant,

v.

Dr. John C. GOHMAN, Appellee.

No. 13903.

Court of Civil Appeals of Texas.

San Antonio.

June 20, 1962.

Rehearing Denied July 11, 1962.

Morris Atlas, Stafford, Atlas & Spillman, McAllen, for appellant.

Adams & Graham, Harlingen, for appellee.

POPE, Justice.

This is a personal injury case brought by Carlos Plata, a pedestrian, against Dr. John C. Gohman, the driver of a vehicle which struck Plata from the rear. Judgment was for the defendant because the jury found that Plata at the time and on the occasion of the accident failed to keep a proper lookout, and that this was a proximate cause of the accident. Plata contends that the findings of his contributory negligence (1) have no support in the evidence, and (2) are against the great weight of the evidence. We affirm the judgment.

Plata and three companions were walking south along the left side of a paved country road at night. The pavement was eighteen feet wide. Plata was about one foot inside the paved part of the road. A companion was walking on his left side just off the pavement, and two other companions were following them, two abreast, also off the pavement. It was dark and Plata was wearing dark clothing. Plata was facing oncoming traffic, which was proper. Art. 6701d, § 81, Vernon's Ann.Tex.Stats. Defendant, Gohman, was driving his car in a southerly direction and overtook a car in front of him. Both cars had their lights shining. As defendant was even with the car which he was passing and on the left side of the road, he struck Plata. No one else was hit. Defendant did not see Plata until after he struck him. The jury found that Gohman was negligent in failing to keep a proper lookout, in attempting to pass another vehicle when it could not be done with safety under all the facts and circumstances, and in failing to sound his horn. These were proximate causes of the accident.

We shall first consider Plata's law point of "no evidence." Plata's argument is that he did not keep a lookout because as a matter of law he was under no duty to keep a lookout, since he was situated at a place the law permitted him to be when struck. He concludes that the issues should not have been submitted at all, and though answered against him, they should have been disregarded.

The jury was asked: "Do you find * * * that the Plaintiff, at the time and on the occasion of the accident in question, failed to keep a proper lookout for vehicles traveling south on Sharyland Road?" They also were asked if such failure was a proximate cause of the accident. To hold that there was no duty on the part of the pedestrian, the evidence must be so conclusive that reasonable minds cannot differ in the conclusion. In J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 453, 135 S.W.2d 698, 699, the test is stated: "The issue of whether or not given acts constitute negligence is essentially a jury question. The facts of each case must be given independent consideration, and seldom are the facts of any two cases so identical as that the decision in one could be held to be authority for a like decision in the other." See Green, Proximate Cause in Texas Negligence Law, 28 Tex.Law Rev. 761–764; cf. 2 Harper and James, § 18.8.

Looking at the evidence as of the time the trial court submitted the charge to the jury, not afterwards, we conclude that the court would have been in error in ruling on the lookout issues as a matter of law. The negligence issue inquired about matters as they existed "at the time and on the occasion." This was proper, for the facts and circumstances are important. The evidence raised disputes about those facts and circumstances. Plata was walking where the statute said he ought to be walking. Sec. 81, Art. 6701d. Gohman, on the other hand, was passing a vehicle in a proper passing zone. Secs. 52, 57, Art. 6701d. In other words, both the pedestrian and the driver had rights to be at the same place on the road. The road was straight and there were no cars approaching or lights visible from the south. There were no obstructions which hindered Plata's moving onto the shoulder if he observed overtaking traffic. His clothing was dark and obscured his presence upon the unlighted road.

There is evidence that Plata had some notice of impending danger. There were lights overtaking him from behind. Gohman testified that before he started to pass the car ahead of him, "I honked at the car I was going around * * * I know that." He said he was watching the car in front of him, was going about forty-five miles an hour, and that he switched the dim lights to bright. He said he was watching the road so he could clear the car he was overtaking and stay on the pavement. These are some of the facts and circumstances which the trial judge had before him at the time he submitted the charge to the jury. While the jury could believe or disbelieve them, the judge had to submit the issues to the jury. Intersection cases are not precisely in point, but they suggest similar rules and results with respect to the facts and circumstances which must be considered. The principle is the same. Even one who has the right of way is not excused from exercising ordinary care for his own safety. Even though one is not required to anticipate negligent conduct, he is not entitled to close his eyes to that which is plainly visible and which would have been observed by a person of ordinary prudence similarly situated. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Intges v. Dunn, Tex.Civ.App., 311 S.W.2d 877; Lofland v. Jackson, Tex.Civ.App., 237 S.W.2d 785; Norris Bros. v. Mattinson, Tex. Civ.App., 145 S.W.2d 204; Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910.

■ The principle is well stated in 2A Blashfield, Cyclopedia of Automobile Law and Practice, § 1415:

"A pedestrian on the highway at night on whichever side he walks must exercise ordinary care, in the situation in which he puts himself and under the circumstances surrounding him. * * So one who uses the roadway without taking any precautions for his own safety, though he can see the lights of an automobile which strikes him long before it reaches him, is guilty of contributory negligence * * *."

■ The findings were not against the great weight of the evidence. We reach this conclusion by applying the test stated by In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Plata relies upon Barrett v. Posey, Tex.Civ.App., 343 S.W.2d 337, wherein the jury found a pedestrian negligent in failing to keep a lookout to the rear, and the appellate court remanded the case on the facts. The distinctions between the surrounding facts of that case and this one are significant. In the Barrett case the pedestrian was seven years old. Plata was twenty-eight years old. In Barrett, the accident occurred in open daylight; this accident occurred at night. In Barrett, only one car was proceeding down an unobstructed highway, twenty-one feet wide; in this case, one car was passing another on a road eighteen feet wide. In the Barrett case, the pedestrian was probably on the shoulder of the highway; in this case there is evidence that Plata was on the road.

The judgment on the verdict is affirmed.

MURRAY, Chief Justice (dissenting).

I do not agree with the opinion of the majority, wherein it is held that there was sufficient evidence to support the findings of the jury that Plata, at the time and on the occasion of the accident in question, failed to keep a proper lookout for vehicles traveling south on Sharyland Road, and that such failure was a proximate cause of the accident. There is no evidence in the record that Plata was not keeping a proper lookout at the time he was struck by Dr. Gohman's car. No witness gave any testimony that Plata was not keeping a proper lookout at the time he was struck from the rear. The testimony given by Plata concerning this matter is as follows:

"A I remember that I was walking a very little on the edge of the pavement, but I don't know how long that was before the accident.

"Q  Do you recall hearing the car come up behind you?

"A  No.

"Q  Do you recall a car blowing its horn?

"A  No.

"Q  Do you recall seeing the lights of a car before you were struck?

"A  No.

"Q  Did anybody shout or yell at you to look out?

"A  It could have been, but I didn't hear anything.

"Q  Do you remember anybody pushing you out into the road?

"A  No.

"Q  You say you were walking on the edge of the pavement?

"A  When I remember, I was walking right on the edge of the pavement.

"Q  Your body might have been hanging over, but where were your feet with relation to the pavement itself?

"A  My feet were at the edge of the pavement like this (witness demonstrating on the courtroom floor), and the other one on the right side.

*  *  *  *  *  *

"Q  All right, you may take your seat now, Carlos. It was in that position, as far as you remember, that you were hit from behind?

"A  That is what I remember.

"Q  What do you remember after you got hit—do you remember anything out at the scene of the accident itself?

"A  I don't remember anything about that.

"Q  The next thing you remember, where were you?

"A  In the hospital."

Thus it is seen that Plata has no recollection as to just what happened before he was struck. He is suffering from retrograde amnesia. There is no evidence that he was not keeping "a proper lookout," whatever that might be under the law, when he was struck. It was night time. His three companions did not testify to any facts showing a failure to keep a proper lookout. Dr. Gohman did not see Plata at all and only knew he hit something. The driver of the car that was being passed, Manuel Salinas, did not testify to any fact indicating an improper lookout by Plata.

Where there is no evidence of failure to keep a proper lookout, an injured party who is bereft of all recollection as to the details of the accident is presumed to have kept a proper lookout for his own safety. In Koock v. Goodnight, Tex.Civ.App., 71 S.W.2d 927, the Court said:

"But such presumption does not obtain as against direct and positive testimony of an eyewitness as to what actually occurred. Because of appellees' earnest insistence on this issue, we have again carefully reread the entire testimony of the witness Hector. While he did not recollect with accuracy every detail as to what transpired between the time the bus stopped and the collision occurred, it is clear, we think, that he saw Mrs. Goodnight at all times from the instant she discovered the loss of her purse, until she was struck by Jordan's car. Though he testified on cross-examination that she did look back towards Kyle before she was struck, she did so only when the car was immediately upon her, and too late to escape injury, and the jury in effect so found. He was a disinterested witness, and his testimony was positive that she did not look out for her own safety as she ran into the highway around the front end of the bus. Under this state of the evidence we think the presumption insisted upon by appellees was overthrown."

Where the doctrine of res ipsa loquitur does not apply, as here, a specific act of contributory negligence must be alleged and proved by the defendant, either by direct or circumstantial evidence, it is never presumed from the mere happening of the accident. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195; Solana v. Hill, Tex.Civ.App., 348 S.W.2d 481; Dixon v. Burling, Tex.Civ.App., 277 S.W.2d 957; Dewhurst v. South Texas Rendering Co., Tex.Civ.App., 232 S.W.2d 135.

There were no sidewalks along Sharyland Road where Plata was walking at the time he was struck and knocked unconscious. Under the provisions of Sec. 81, Art. 6701d, Vernon's Ann.Civ.Stats., he was walking where he had a legal right to be, he is presumed to have been keeping a proper lookout for his own safety, and Dr. Gohman has completely failed to produce any evidence to the contrary. The evidence does not, therefore, raise the issue of contributory negligence. In MacDonald v. Skinner, Tex. Civ.App., 347 S.W.2d 950, the Court said:

"Appellant contends that there is neither direct nor circumstantial evidence to support the jury's finding that the deceased did not keep a proper lookout, other than the fact that the accident did happen. There is no testimony from any witness who says that the deceased was not paying attention to what he was doing, or that he was looking anywhere other than where he should have been looking.

"After a careful examination of the Statement of Facts, we have concluded that there is no direct evidence to support the jury's finding that the deceased failed to keep a proper lookout. In the absence of direct evidence to support the jury finding, we next looked for circumstances in evidence from which the jury might reasonably have concluded that the deceased failed to keep a proper lookout. Aside from the fact that the accident did happen, we have been unable, after a most careful scrutiny of the entire record, to find any circumstances in evidence from which the jury might properly have inferred that the deceased had failed to keep a proper lookout."

The majority assumes without proof that Plata was keeping only a lookout to his front and failed to keep a lookout to his rear. Even if this be a correct presumption, nevertheless, it fails to show failure to keep a proper lookout on the part of Plata. The lookout that is required of a pedestrian traveling on the left edge of a highway is to his front, and not to his rear, and he has no duty to keep a constant or periodical or parttime lookout to his rear, unless he knows, or in the exercise of reasonable diligence should have known, that danger is bearing down on him from that direction. Solana v. Hill, supra.

A pedestrian traveling on his left-hand edge of the highway is not required to presume that a motorist approaching him from his rear will negligently drive upon the wrong side of the road and strike him, but he has a right to presume that motorists will pass him by driving on the right side of the road as is required by Art. 801(A), Vernon's Texas Penal Code. Holmes v. Cooley, Tex.Civ.App., 308 S.W.2d 150; Valley Film Service v. Cruz, Tex.Civ.App., 173 S.W.2d 952; 2A Blashfield, Cyclopedia of Automobile Law and Practice, §§ 1411, 1416, and authorities cited.

The evidence shows and the jury found that Dr. Gohman was guilty of negligence in attempting to pass the auto in front of him at the time and place where he struck Plata. The majority seem to place considerable stress upon the fact that the passing by Dr. Gohman was not undertaken in a no-passing zone. Of course, if it had been undertaken in a no-passing zone, Dr. Gohman would have been guilty of negligence per se, regardless of other circumstances. Surely they do not mean to hold that a motorist may pass another motorist, in a passing zone, regardless of whether the left-hand side of the highway is occupied by

pedestrians, and if by doing so he would strike the pedestrians. A pedestrian walking on the highway in keeping with the provisions of Sec. 81, Art. 6701d, supra, is not a trespasser.

Even though Dr. Gohman may have sounded his horn before attempting to pass the lead car, which the evidence shows and the jury found he did not do, and even though car lights were shining from Plata's rear, Plata had a right to presume that traffic from the south would pass him on his right side, and he was not required to change his lookout from his front to his rear. Solana v. Hill, Tex.Civ.App., 348 S. W.2d 481; Barrett v. Posey, Tex.Civ.App., 343 S.W.2d 337; 60 C.J.S. Motor Vehicles § 270, p. 650.

Plata did not suddenly run out onto the highway, he was not attempting to cross the highway; he was not preparing to go to a place of danger. He did not suddenly stop or change his direction. He was steadily walking along the left-hand edge of the highway, where the law gives him a right to walk and requires him to face to his front. It is a difficult matter for a person to keep a constant lookout to both his front and rear at one and the same time. In Manning v. Block, Tex.Civ.App., 322 S.W.2d 651, the Court said:

"Split-second timing is not ordinarily required of operators of motor vehicles. Bass v. Stockton, Tex.Civ.App., 236 S.W.2d 229, 231. This would place an intolerable burden upon the average citizen. None but the most alert could safely venture on the highways. We have concluded that we cannot uphold the finding of the jury, under the circumstances obtaining, that Manning was negligent in having momentarily released his brake pedal preparatory to moving his car forward as the other car began its movement to enter Veatch Avenue. To do so would require a person to have the same ability to see, observe and react as readily to the circumstances of the road behind him as he is required to do ahead. This is physically impossible to do, and the law has rightly placed the burden on the car operator approaching from the rear, in the event of a collision, to explain his action. Renshaw v. Countess, supra (Tex.Civ.App., 289 S.W.2d 621)."

Ordinarily, the best a pedestrian can do is keep a lookout to his front and presume the traffic approaching him from the rear will not disobey the law, travel on the wrong side of the road and run him down. No doubt, Plata, after a hard day's work picking bell peppers in a field, on his long walk back to his camp, did not feel like whirling as he walked to keep a constant lookout to both his front and rear, and this the law does not require of him.

In my opinion there is no evidence in this record that Plata failed to keep a proper lookout to his rear and that such failure was a proximate cause of the accident.

The trial court should have disregarded the jury's finding to Special Issues Nos. 24 and 25, and rendered judgment in favor of Carlos Plata against Dr. John C. Gohman in the amount found by the jury.