J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellant.

Jim D. Lovett, Clarksville, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

**Francis E. BOWERS, Appellant,**

**v.**

**Dillard PEEK, Appellee.**

**No. 7940.**

Court of Civil Appeals of Texas.

Texarkana.

Aug. 5, 1969.

DAVIS, Justice.

An automobile collision case. The collision occurred at the intersection of Delaware Street and Washington Street in the city limits of Clarksville, Red River County, Texas. Suzanne Peek, the minor daughter of Dillard Peek, was driving an automobile west on Washington Street. Defendant-appellant, Mrs. Bowers, a widow, was driving an automobile north on Delaware Street. There were no stop signs on Washington Street. There were stop signs on Delaware Street. The accident occurred on January 14th, 1967, at about 4:30 P.M. on a clear day without any interference with vision.

Trial was had before a jury which answered all the special issues in favor of appellees, except two. These issues and answers read as follows:

"SPECIAL ISSUE NO. 24.

Do you find from a preponderance of the evidence that Suzanne Peek failed to

keep a proper lookout at the time and on the occasion in question?

Answer: 'yes' or 'no.'

Answer: 'yes'.

SPECIAL ISSUE NO. 25.

Do you find from a preponderance of the evidence that such failure, if any you have found, was a proximate cause of the collision in question?

Answer: 'yes' or 'no'.

Answer: 'yes'."

The jury also answered the special issues in favor of appellant, but found her guilty of contributory negligence.

After the jury verdict was received the trial court granted a motion to disregard the jury's answers to special issues Nos. 24 and 25 and to enter a judgment in favor of the appellees for $2101.00.

Appellant has perfected her appeal and brings forward six points of error.

By Point One appellant says the trial court erred in disregarding the jury's answers on special issues Nos. 24 and 25 as to the failure of Suzanne Peek to keep a proper lookout and that such failure was the cause of the wreck. Appellees take the position that immediately before the collision Suzanne Peck had the right-of-way and was in the process of watching some children that were playing in Washington Street quite a distance beyond the street intersection. Incidentally, the evidence further shows that the children were 14 and 15 years of age. The appellees further proved that a house is situated 21 feet east of Delaware Street and 45 feet and 5 inches south of Washington Street from the direction from which Suzanne Peek was driving. The evidence showed Suzanne Peek could have seen Mrs. Bowers' car about 400 feet away. It does not seem that the case of Duncan v. Durham, Tex.Civ. App., 1962, 356 S.W.2d 377, N.W.H. is applicable.

There was not anything to prevent Suzanne Peek from seeing the appellant's car. There is sufficient evidence to show that appellant stopped her car at the stop sign, then entered the street going north and had already crossed the south line of traffic before the impact occurred. It further appears from the evidence that the left front end of the Peek automobile collided with the appellant's car. The appellant and Mrs. Proctor, a passenger in appellant's car, both testified that appellant's car stopped at the stop sign and then proceeded across the street. The evidence is sufficient to support the jury's findings.

Our traffic regulations are hard to interpret. Cases of this kind are hard to decide. Parts of Article 6701d that are applicable here are quoted:

"ARTICLE VIII RIGHT–OF–WAY

*VEHICLES APPROACHING OR ENTERING INTERSECTION.*

SEC. 71. (a) The driver of a vehicle approaching an intersection shall yield the right-of-way *to a vehicle which has entered the intersection from a different highway.*

(b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

(c) *The right-of-way rules declared in subdivision (a) and (b) are modified at through highways and otherwise as hereinafter stated in this Article.*

\*   \*   \*   \*   \*   \*

*"VEHICLES ENTERING THROUGH HIGHWAY OR STOP INTERSECTION.*

SEC. 73. (a) The driver of a vehicle shall stop as required by this Act *at the entrance to a through highway* and shall yield the right-of-way to other vehicles *which have entered the intersection* from said through highway or which are ap-

proaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are *within the intersection* or approaching so closely as to constitute an immediate hazard, but may then proceed." (Emphasis added.)

As to the foreseeability of the drivers of the cars it seems that Section 112 of 7 Tex. Jur.2nd, 445, is applicable. It reads as follows:

"SEC. 112. EFFECT OF FORESEE-ABILITY OF ACCIDENT BY BOTH PARTIES: CONCURRENT NEGLI-GENCE.

Where the evidence shows that both of the parties involved in a motor vehicle collision were equally able to foresee and prevent the collision, a party injured in the accident will not be allowed to recover damages. Similarly, where both of the parties are injured in the accident and attempt to recover damages from each other, neither may obtain an affirmative judgment. In such case, where the parties were equally able to foresee and prevent the collision, the cause thereof is properly said to have been the concurring negligence of both the plaintiff and the defendant." See cases cited.

Suzanne Peek testified that she did not know whether or not Mrs. Bowers stopped. She did not see Mrs. Bowers' car until immediately before the impact. This court has held that a person of ordinary care and prudence who has a right-of-way must keep a proper lookout. Hooper v. Holt, Tex. Civ.App.1967, 416 S.W.2d 916, N.W.H. See also DeBusk v. Cadenhead, Tex.Civ. App.1961, 346 S.W.2d 145, w. r., n. r. e.; Plata v. Gorman, Tex.Civ.App.1962, 359 S. W.2d 163, w. r., n. r. e.; Henderson v. Smith, Tex.Civ.App.1962, 354 S.W.2d 429, N.W.H. The point is sustained.

We have carefully considered the other five (5) points of error and in view of our holding on the first point of error, we must reverse and render judgment that neither side take anything. We will not fully discuss the other points other than to say that we would overrule points two and three and would sustain points four, five and six.

The judgment of the trial court is reversed and judgment is rendered that neither the appellant or the appellees take anything.

It is so ordered.